IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01399-PAB

ENIER DIAZ DELIS,

       Petitioner,

v.

JUAN BALTAZAR, Warden, GEO Aurora Denver Contract Detention Facility,
GEORGE VALDEZ,[1] Director of Denver Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement,
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States; each in their official capacities,

       Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Enier Diaz Delis's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 9.

## I.    BACKGROUND[2]

Petitioner is a Cuban national. Docket No. 1 at 5, ¶ 20. Petitioner has resided in the United States since at least November 24, 2021. *Id.* at 7, ¶ 31. Upon entering the United States, petitioner was not immediately detained by respondents or placed in removal proceedings. *Id.*, ¶ 32. Instead, he was released on his own recognizance. *Id.* On or about November 14, 2025, the Department of Homeland Security ("DHS") took

---

[1] George Valdez is substituted as a party for Robert Hagan pursuant to Fed. R. Civ. P. 25(d).

[2] The following facts are undisputed unless otherwise noted.

petitioner into custody and issued him a Notice to Appear that charged petitioner as a noncitizen present in the United States without having been admitted or paroled. *Id.*, ¶ 33. Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*, ¶ 34. On February 4, 2026, petitioner filed a motion for bond. *Id.*, ¶ 35. An immigration judge found that he lacked jurisdiction to grant petitioner's request. *Id.*

On April 2, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Petitioner brings a claim alleging a violation of his Fifth Amendment right to due process (Count One) and a violation of the Immigration and Nationality Act ("INA") (Count Two). *Id.* at 16-17. Petitioner requests, among other things, that the Court order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 17.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 16-17, ¶¶ 71-75; Docket No. 9 at 2-4. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a), and not § 1225(b)(2), because § 1226(a) applies to noncitizens, like petitioner, who are "arrested *after* entering the country." Docket No. 1 at 10, ¶ 50. Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing. *See id.* Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted or paroled. Docket No. 9 at 2-4. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600, at *1-2 (D. Colo. Feb. 13, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 9.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana*.  Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on the § 1226 claim and will

3

order respondents to provide petitioner a bond hearing[3] within seven days of the date of this order.[4]

### III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner Enier Diaz Delis's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

---

[3] Rather than order petitioner's release, the Court will order respondents to provide petitioner a bond hearing.  *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court.").

[4] Because the Court will grant the habeas petition on the basis of Count Two, it will not reach petitioner's remaining claims and requests for relief.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED April 15, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge