IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01399-PAB

ENIER DIAZ DELIS,

Petitioner,

v.

JUAN BALTAZAR, Warden, GEO Aurora Denver Contract Detention Facility,
GEORGE VALDEZ, Director of Denver Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States; each in their official capacities,

Respondents. [1]

---

**ORDER**

---

This matter comes before the Court on petitioner Enier Diaz Delis's Motion to Enforce [Docket No. 18]. Respondents filed a response. Docket No. 20. Petitioner filed a reply. Docket No. 21.

## I.    BACKGROUND[2]

Petitioner is a Cuban national. Docket No. 1 at 5, ¶ 20. Petitioner has resided in the United States since at least November 24, 2021. *Id.* at 7, ¶ 31. Upon entering the United States, petitioner was not immediately detained by respondents or placed in removal proceedings. *Id.*, ¶ 32. Instead, he was released on his own recognizance. *Id.*

---

[1] George Valdez is substituted as a party for Robert Hagan and David Venturella is substituted as a party for Todd Lyons pursuant to Fed. R. Civ. P. 25(d).
[2] The following facts are undisputed unless otherwise noted.

On or about November 14, 2025, the Department of Homeland Security ("DHS") took petitioner into custody and issued him a Notice to Appear that charged petitioner as a noncitizen present in the United States without having been admitted or paroled. *Id.*, ¶ 33. Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*, ¶ 34. On February 4, 2026, petitioner filed a motion for bond. *Id.*, ¶ 35. An immigration judge found that he lacked jurisdiction to grant petitioner's request. *Id.*

On April 2, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. On April 15, 2026, the Court granted the petition, ordering respondents to provide petitioner a bond hearing. Docket No. 10 at 4. On April 24, 2026, the parties filed a status report stating that an immigration judge denied petitioner release on bond. Docket No. 11 at 1-2. On June 16, 2026, petitioner filed a motion to enforce the Court's April 15 Order, requesting his immediate release on the basis that petitioner's bond hearing "was not meaningful or consistent with Petitioner's due process rights." Docket No. 18 at 1.

## II.    ANALYSIS

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).

Petitioner argues that the immigration judge denying bond on the basis of petitioner's "mere arrest for DUI" is "at odds with the controlling caselaw" cited by petitioner.  Docket No. 18 at 6.  Petitioner argues that, in finding that petitioner's arrest for driving under the influence demonstrated his danger to the community, the immigration judge relied "on a number of inapplicable authorities, and without consideration of the general rule that mere accusations generally should not serve as the basis for a finding that a noncitizen poses a danger to the community."  *Id.* at 9. Petitioner asks the Court to reweigh evidence presented at the bond hearing, in violation of § 1226(e), and find that petitioner should be released on bond.  This the Court will not do.  The fact that the immigration judge found that petitioner's arrest for DUI demonstrated petitioner's danger to the community does not mean his due process rights were violated through a constitutionally inadequate bond hearing.  *See De Souza v. Soto*, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) ("In a fundamentally fair bond hearing, due process has three essential elements.  The noncitizen (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.") (internal quotation omitted) (citing *Ghanem v. Warden Essex Cnty. Corr. Facility*, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)).  Thus, petitioner fails to show that respondents did not comply with the Court's April 15 Order or that petitioner's due process rights were violated.  The Court will deny petitioner's motion to enforce.  *See Perez v. Grant*, 2026 WL 1182039, at *7 (W.D. Okla. Apr. 30, 2026) ("Ultimately, Petitioner takes issue with the IJ's weighing of evidence, which this Court does not have jurisdiction to review.  Regardless

whether this Court would have given different weight to any piece of evidence, § 1226(e) bars this Court's review of the IJ's discretionary determination that Petitioner is a flight risk.  Accordingly, Petitioner has failed to establish his due process rights were violated at the bond hearing.").

### III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner Enier Diaz Delis's Motion to Enforce [Docket No. 18] is **DENIED**.

DATED July 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge